

# THE ATTORNEY GENERAL
## OF TEXAS

April 9, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Bob Bullock                                      Opinion No. JM-673
Comptroller of Public Accounts
L.B.J. State Office Building                               Re:  Whether the comptroller may
Austin, Texas    78774                                    engage in inter-fund borrowing
                                                          against constitutionally created
                                                          and dedicated funds to cover
                                                          deficits in the General Fund

Dear Mr. Bullock:

        You inform us that, pursuant to article 4344c, V.T.C.S., which
authorizes the comptroller of public accounts and the state treasurer
to engage in inter-fund borrowing from certain state funds, money has
been borrowed from the fund designated Highway Fund No. 006.  This
highway fund is comprised of federal, state constitutional, and state
statutory money.  See Attorney General Opinion Nos. JM-323, JM-321
(1985).  You inform us that the only money heretofore borrowed has
been state statutory money and the money received from the federal
government that is intended to reimburse the state pursuant to the
Federal Highway Act, 23 U.S.C. §§101 et seq. (1982).  The comptroller
is required by appropriations act rider to credit such federal money
to the specific fund from which the original expenditure was made.
Acts 1985, 69th Leg., 3rd C.S., ch. 13, art. V, §20, at 594-95. You
ask the following question:  "May I inter-fund borrow against
constitutionally created and dedicated funds to cover deficits in the
General Fund?"  The answer is "no."

        Article 4344c, V.T.C.S., permits the transfer of surplus cash
between funds in the state treasury in certain instances.  Section 1
of article 4344c provides the following:

                Section 1.  The comptroller of public accounts,
        with the consent of the State Treasurer, may
        transfer surplus cash, excluding constitutionally
        dedicated revenues, between funds in the State
        Treasury.  Those transfers are authorized to allow
        effective management of the cash flow of the
        General Revenue Fund and to avoid temporary cash
        deficiency in the General Revenue Fund.  The
        comptroller shall return the surplus cash to the
        fund from which it was transferred as soon as
        practicable.  The comptroller shall preserve the
        fund equity and the State Treasurer shall allocate

> the depository interest as if the transfers had
> not been made.  (Emphasis added).

By the clear terms of the statute, you may not engage in inter-fund borrowing of constitutionally dedicated revenues.

We note that, even in the absence of the above underscored language in section 1 of article 4344c, V.T.C.S., constitutionally dedicated revenues deposited in the state treasury could not be borrowed.  The Texas Constitution imposes specific limitations on the scope of the transfers that could be authorized by any statute. Article VIII, section 7, of the Texas Constitution sets forth the following:

> The legislature shall not have power to borrow, or
> in any manner divert from its purpose, any special
> fund that may, or ought to, come into the Treasury;
> and shall make it penal for any person or persons
> to borrow, withhold or in any manner to divert from
> its purpose any special fund, or any part thereof.

The Texas Supreme Court has concluded that article VIII, section 7, of the Texas Constitution applies only to constitutional funds, not to statutory funds.  Brazos River Conservation and Reclamation District v. McCraw, 91 S.W.2d 665 (Tex. 1936).  Specifically, the court has held that article VIII, section 7, does not apply to special funds created by statute.  Gulf Insurance Co. v. James, 185 S.W.2d 966 (Tex. 1945).  See also Attorney General Opinion Nos. JM-566, JM-539 (1986); JM-323, JM-321 (1985); V-107 (1947); O-2302 (1940).  Any statute that purported to authorize the borrowing of constitutionally dedicated revenues would violate article VIII, section 7, of the Texas Constitution.

## S U M M A R Y

> By the clear terms of article 4344c, V.T.C.S.,
> the comptroller of public accounts and the state
> treasurer may not engage in inter-fund borrowing of
> constitutionally dedicated revenues.  Any statute
> purporting to permit such a practice would violate
> article VIII, section 7, of the Texas Constitution.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General